Filed 9/30/16  P. v. Ryan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>REGINALD DEON RYAN,<br><br>        Defendant and Appellant. | A144078<br><br>(Solano County<br>Super. Ct. No. VCR218594) |

Defendant Reginald Deon Ryan was convicted by a jury of firearms charges and sentenced to five years in state prison.  On appeal, he claims the warrantless search of the vehicle he was driving was unconstitutional because the faint odor of unburned marijuana did not provide probable cause for the search.  We disagree and affirm.

**PROCEDURAL BACKGROUND**

The Solano County District Attorney filed a three-count felony complaint in August 2013 charging defendant with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)), carrying a concealed weapon in a vehicle as a person previously convicted of a felony (§ 25400, subd. (a)(1)), and carrying a loaded firearm in a vehicle (§ 25850, subd. (a)).  The district attorney further alleged that defendant had served two prior prison terms within the meaning of section 667.5, subdivision (b).

At the preliminary hearing, defendant moved to suppress the handgun found in the vehicle he was driving.  (§ 1538.5.)  The magistrate denied the motion and held defendant

---

[1]Further statutory references are to the Penal Code unless otherwise specified.

to answer on the charges alleged in the complaint.  Defendant thereafter moved to dismiss the information on the ground the magistrate erred in denying his motion to suppress.  (§ 995.)  The trial court denied the motion.

In July 2014, a jury found defendant guilty of all three firearm counts alleged in the information.  The trial court separately found both prior prison term allegations true.

The court sentenced defendant to serve a total of five years in state prison, consisting of the upper-term of three years for possession of a firearm by a felon, with stayed terms for the other two counts, plus one year each for the prior prison terms.  Defendant timely appealed.

## DISCUSSION

Defendant's sole contention on appeal is that the odor of unburned marijuana did not provide probable cause for the warrantless search of the vehicle he was driving.

### A.    Standard of Review

A defendant may challenge the reasonableness of a search and seizure by making a motion to suppress under section 1538.5 at the preliminary hearing. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.)  If the motion to suppress is denied, the defendant may renew the challenge by filing a section 995 motion in the trial court.  (*Ibid.*)  That is the course of action defendant followed here.

"When a motion to suppress evidence under section 1538.5 is denied at the preliminary hearing and reviewed by the trial court in a section 995 proceeding, even though the appeal is from the trial court, we, in effect, review the magistrate's decision directly, deferring to the magistrate's factual findings."  (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 200.)  We draw all presumptions in favor of the magistrate's factual findings and defer to any express or implied factual findings supported by substantial evidence.  (*Ibid.*; *People v. McDonald, supra,* 137 Cal.App.4th at p. 529.)  We exercise our independent judgment in determining whether the search or seizure was reasonable.  (*People v. McDonald, supra,* at p. 529.)

2

**B. Facts**

The relevant facts are taken from the preliminary examination and the hearing on defendant's suppression motion.

City of Vallejo police officer Robert Kerr responded to a domestic violence call at a housing complex at approximately 3:00 a.m. on July 17, 2013. He was familiar with the area because he had responded to numerous calls there since 2005 involving shootings and at least two homicides. Upon arriving at the scene, Kerr observed two officers taking an individual into custody. As the officers were taking the suspect into custody, Kerr saw a Ford Explorer pull up very rapidly into a parking space directly in front of the two officers and the suspect. Kerr was concerned for the officers' safety because of the abrupt manner in which the Explorer approached within 10 feet of the officers, the unknown nature of the driver's affiliation, if any, to the custodial suspect, and the fact that dispatch had not mentioned other suspects in the domestic violence incident. The Explorer was parked legally, and Kerr did not observe any Vehicle Code violations.

Kerr and another officer got out of their vehicle and approached the Explorer. Kerr drew his firearm upon observing defendant, the Explorer's sole occupant, "reaching around for stuff" and moving his hands below the vehicle's window and outside the officer's field of view.

Once Kerr got to the driver's side window, which was slightly down, he "smelled a faint odor of fresh cut marijuana, unburned." Kerr instructed defendant to put his hands up. Defendant was handcuffed, removed from the vehicle, and placed into the patrol vehicle.

Kerr searched the Explorer and found a loaded nine-millimeter handgun underneath the driver's side floor mat. He also found a closed pill bottle containing approximately one gram of marijuana in the vehicle's center console.

**C. Analysis**

"The Fourth Amendment generally requires police to secure a warrant before conducting a search." (*Maryland v. Dyson* (1999) 527 U.S. 465, 466.) As recognized by

the United States Supreme Court as early as 1925, "there is an exception to this requirement for searches of vehicles." (*Ibid.*) Under established precedent, "the 'automobile exception' has no separate exigency requirement." (*Ibid.*) " 'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." (*Id.* at p. 467.)

"California courts have concluded the odor of unburned marijuana . . . may furnish probable cause to search a vehicle under the automobile exception to the warrant requirement." (*People v. Waxler* (2014) 224 Cal.App.4th 712, 719 (*Waxler*); accord, *Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1253 (conc. opn. of Liu, J.) [noting that it is a "settled proposition that the smell of marijuana can establish probable cause to search and, in the context of an automobile search or exigent circumstances, can provide a sufficient basis to proceed without a warrant"]; *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 (*Strasburg*).) Under established California law, the police officer in this case had probable cause to search the vehicle defendant was driving as a result of detecting the odor of unburned marijuana.

Defendant urges this court to revisit settled law on this issue, arguing that the odor of marijuana does not provide probable cause for a warrantless vehicle search in light of the recent "decriminalization" of the possession of small amounts of marijuana. Under Health and Safety Code section 11357, subdivision (b), the possession of 28.5 grams or less of marijuana is punishable as an infraction. A person who possesses more than 28.5 grams of marijuana is guilty of a misdemeanor. (Health & Saf. Code, § 11357, subd. (c).) Therefore, according to defendant, the mere fact that officers detect the odor of marijuana does not provide probable cause to believe that contraband is present or that a crime has been committed. Defendant relies in part upon a decision of the Supreme Judicial Court of Massachusetts in *Commonwealth v. Cruz* (2001) 459 Mass. 459 (*Cruz*). In *Cruz,* the Massachusetts court concluded that the odor of burned marijuana alone did not justify a warrantless vehicle search because the state had changed the possession of one ounce or less of marijuana from a criminal to a civil violation. (*Id.* at pp. 471–472.) The court

4

reasoned that the mere smell of marijuana did not give rise to suspicion of a "criminal offense." (*Id.* at p. 469.)

California courts have considered and rejected the position advocated by defendant. In *Strasburg, supra,* 148 Cal.App.4th at pages 1059 to 1060, the court rejected the notion that probable cause for a search is lacking when marijuana odor is present and the defendant possesses a physician's recommendation for medical marijuana or a state-issued medical marijuana card. The court reasoned that the medical marijuana laws provide a "limited immunity—not a shield from reasonable investigation." (*Id.* at p. 1060.) An officer with probable cause to search is entitled to "determine whether the subject of the investigation is in fact possessing the marijuana for personal medical needs, and is adhering to the eight-ounce limit on possession." (*Ibid.*)

In *Waxler, supra,* 224 Cal.App.4th at page 725, the court held that "[t]he automobile exception is not limited to situations where the officer smells or sees more than 28.5 grams of marijuana in the vehicle [citation]; the observation of any amount of marijuana . . . establishes probable cause to search pursuant to the automobile exception." The *Waxler* court specifically declined to follow the Massachusetts court in *Cruz* and explained its reasoning as follows: "*Cruz* does not apply here for at least two reasons. First, in contrast to Massachusetts, possession of up to an ounce of nonmedical marijuana in California is a 'crime.' (Pen. Code, § 16.) Second, neither the California Supreme Court nor the United States Supreme Court has limited the automobile exception to situations where the defendant possesses a '*criminal* amount of contraband.' " (*Waxler*, *supra,* at p. 723.) Defendant has presented no compelling grounds for this court to depart from the holdings in *Strasburg* or *Waxler*.

Defendant also relies in part on *People v. Torres* (2012) 205 Cal.App.4th 989 and *People v. Hua* (2008) 158 Cal.App.4th 1027. His reliance is misplaced. In *People v. Hua,* the court held that officers could not enter an apartment without a warrant even though they smelled burned marijuana and had observed an occupant of the apartment smoking what appeared to be a marijuana cigarette. (*People v. Hua, supra,* at pp. 1033–1034.) Likewise, in *People v. Torres,* the court held that officers lacked probable cause

5

to enter a hotel room without a warrant based simply on the smell of marijuana.  (*People v. Torres, supra,* at p. 992.)  As the court explained in *Waxler, supra,* 224 Cal.App.4th at page 725:  "Neither *Hua* nor *Torres* assists appellant because those cases concerned warrantless entry into a dwelling and the application of the exigent circumstances doctrine to minor, nonjailable offenses.  'The automobile exception to the warrant requirement does not require a showing of exigent circumstances.' "  For purposes of a Fourth Amendment analysis, physical entry into the home is fundamentally different from the search of a vehicle.  (See *ibid.*)

Accordingly, we conclude the search of the vehicle was lawful because the smell of unburned marijuana provided probable cause for the search.

**DISPOSITION**

The judgment is affirmed.


_____
McGuiness, P.J.


We concur:


_____
Pollak, J.


_____
Siggins, J.