Filed 9/13/22 P. v. Rosales CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047768 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1807253) |
| v. | |
| FRANCISCO ROSALES, | |
| Defendant and Appellant. | |

### THE COURT[1]

Francisco Rosales appeals from a judgment entered after he pleaded no contest to carrying a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1));[2] carrying a concealed firearm in a vehicle when not in lawful possession of the firearm (§ 25400, subd. (a)(1)); carrying a loaded firearm when not the registered owner (§ 25850, subd. (a)); and carrying a loaded firearm with a specified prior conviction (§ 25850; subd. (a)). Rosales contends the trial court erred in denying his motion, made under section 1538.5, to suppress evidence seized during the search of his vehicle. We affirm the order denying suppression.

---

[1] Before Greenwood, P.J., Grover, J. and Lie, J.

[2] Further undesignated statutory references are to the Penal Code.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of October 13, 2018, San Jose police officer Christopher Weber and his partner were on duty in a residential area that Weber knew to be controlled by Varrio True Norteño criminal street gang.[3]  Weber initiated an enforcement stop on a car driven by Rosales after observing him drive through a four-way intersection without stopping.

Weber and his partner exited their patrol car and contacted Rosales, who was the sole occupant of the vehicle.  Weber observed both gang paraphernalia and tattoos on Rosales consistent with the symbols and designs commonly used by members of the Varrio True Norteño gang.  He also noticed a strong odor of marijuana as soon as he approached the vehicle.  As Weber spoke to Rosales, he saw that there were multiple jars in the car, and he noticed that there was an odor of marijuana "spread throughout the vehicle."  Two of the jars were in the pocket of the driver's door.  One of those jars was open and there was amber colored material within it.  In the cup holder there was paper that had the same amber color, and he also observed amber waxy material "all over" the cup holder.  Based on his training and experience, Weber concluded that this was a useable amount of concentrated cannabis, which is commonly referred to as "wax."  On the passenger's seat was a propane canister with a nozzle, which Weber knew is used to ingest concentrated cannabis.

Weber conducted a search of the vehicle.  He opened the center console and found a black semiautomatic pistol, as well as additional jars containing wax.  He also found additional apparel associated with the Norteños in the car.  Weber testified that Norteño activities included the trafficking of narcotics as well as the possession and trafficking of firearms.

---

[3] The facts of the search are taken from the hearing on the motion to suppress, where the only witness was Weber.

Rosales was charged in a criminal information with four charges related to the firearm recovered during the search of his vehicle. After the information was filed, Rosales filed a motion under section 1538.5 to suppress evidence seized during the search of his vehicle. Relying on *People v. Fews* (2018) 27 Cal.App.5th 553 (*Fews*), the trial court denied Rosales's motion to suppress. The court ruled that the odor of marijuana, the "multiple items of concentrated cannabis and/or its residue," as well as Rosales's conduct, under the totality of the circumstances gave the officer probable cause to search the vehicle.

After the denial of the suppression motion, Rosales pleaded no contest to all four counts in the information. The court imposed a five-month suspended sentence, and placed Rosales on three years of formal probation. Rosales filed a timely notice of appeal from the order denying the motion to suppress.

## II.  DISCUSSION

On appeal, Rosales argues that the warrantless search of his vehicle was unlawful because there were insufficient facts to support the trial court's conclusion that the search was supported by probable cause. The People contend that the search was lawful because the totality of the circumstances gave rise to a fair probability that Rosales's car contained contraband or evidence of unlawful marijuana use or possession.

### A.  *Standard of Review*

In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's findings, express or implied, where supported by substantial evidence. (*People v. Brown* (2015) 61 Cal.4th 968, 975.) The parties do not dispute the facts in this case. In determining whether the search or seizure was reasonable on the facts found by the trial court, we exercise our independent judgment. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.) We may affirm the ruling if it is correct on any theory of the law applicable to the case, even if the trial court's reasoning was incorrect. (*Ibid.*)

3

**B.** *Analysis*

The trial court denied Rosales's motion to suppress, concluding that under the facts of this case, the officer had probable cause to search the vehicle. We conclude, based upon our independent review, that the trial court did not err in denying Rosales's motion to suppress.

A warrantless search is unlawful under the Fourth Amendment unless it falls within one of the specifically established and well-delineated exceptions. (*Katz v. United States* (1967) 389 U.S. 347, 357.) The automobile exception allows a warrantless search of a vehicle where an officer has probable cause to believe it contains evidence of a criminal activity or contraband. (*People v. Evans* (2011) 200 Cal.App.4th 735, 753.) Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." (*Ornelas v. United States* (1996) 517 U.S. 690, 696.) In evaluating whether a reasonable officer would have probable cause to search, we consider the totality of the circumstances. (*People v. Lee* (2019) 40 Cal.App.5th 853, 862.)

Before the passage of Proposition 64, an officer's observation of the odor of marijuana or the presence of less than one ounce of marijuana could provide probable cause to search a vehicle. (See *People v. Waxler* (2014) 224 Cal.App.4th 712, 719-720.) In 2016, the voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which legalized the possession of up to 28.5 grams of non-concentrated cannabis and 8 grams of concentrated cannabis by individuals 21 or older. (Health & Saf. Code, § 11362.1, subd. (a)(1) & (a)(2).) Subdivision (c) of the statute provides that "[c]annabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." (Health & Saf. Code, § 11362.1, subd. (c).)

4

But while lawful possession of cannabis and lawful conduct under the statute may not constitute the basis for a search, "this provision does not apply when the totality of the circumstances gives rise to a fair probability that an existing cannabis regulation was violated when the search occurred." (*Blakes v. Superior Court* (2021) 72 Cal.App.5th 904, 911 (*Blakes*).) After the passage of Proposition 64, it remains unlawful to smoke or ingest cannabis while driving a vehicle. (Health & Saf. Code, § 11362.3, subd. (a)(7).) Possessing an open container or open package of cannabis or cannabis products while driving or riding as a passenger in a vehicle is prohibited. (*Id.*, subd. (a)(4).) It is also unlawful to drive under the influence of "any drug," including cannabis. (Veh. Code, § 23152, subd. (f).)

Rosales emphasizes the distinctions between his case and the *Fews* decision, which the trial court relied upon in its ruling, to argue that there was not probable cause to support the search of his vehicle. In *Fews*, which was decided after the passage of Proposition 64, officers pulled over a vehicle for erratic driving in an area of San Francisco known for illegal drug sales and use. (*Fews*, *supra*, 27 Cal.App.5th at pp. 557-558.) When the officers approached the vehicle, they smelled "recently burned marijuana" emanating both from the car and the driver, and saw the driver holding a half-burned, re-rolled cigar that he confirmed contained marijuana. (*Id.* at p. 557.) On appeal, the court concluded that there was probable cause to search the vehicle because "the evidence of the smell of 'recently burned' marijuana and the half-burnt cigar containing marijuana supported a reasonable inference that [the driver] was illegally driving under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana." (*Id.* at p. 563.)

Rosales attempts to distinguish *Fews* by arguing that here, Weber did not testify that he smelled recently burned marijuana, nor did Weber suspect that Rosales was driving under the influence of marijuana. Rosales notes that Weber and his partner did

5

not conduct a field sobriety test on Rosales during the traffic stop, and that they did not ask him if he had ingested marijuana recently.

While some of the facts supporting the holding in *Fews* are missing here, additional factors such as the officer's observation of the open container of cannabis support a finding of probable cause. Rosales neither recognizes nor addresses this fact. "[E]ven after the enactment of Proposition 64, there is probable cause to search a vehicle if a law enforcement official sees a legal amount of cannabis in an illegal setting, such as in an open container while the car is being driven." (*Blakes, supra,* 72 Cal.App.5th at pp. 911-912.) In *People v. McGee* (2020) 53 Cal.App.5th 796, 804 (*McGee*), the court held that when an officer at a traffic stop observed an open bag of marijuana in the possession of the passenger, this provided probable cause to believe the passenger possessed other open containers, and therefore the officer had probable cause to search the passenger and her purse for further evidence of contraband. (See also *People v. Souza* (1993) 15 Cal.App.4th 1646, 1653 ["an open container within plain view provides probable cause to believe that other open containers may be found in the vehicle"].)

Here, Weber observed an open container of concentrated cannabis in the driver's side door of the vehicle. That open container in plain view provided Weber with probable cause to search compartments and containers within the vehicle that were not in plain view, such as the center console, for further evidence of contraband. (See *McGee, supra*, 53 Cal.App.5th at p. 804; see also *United States v. Ross* (1982) 456 U.S. 798, 825 ["If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may contain the object of the search."].) The trial court did not err in denying the motion to suppress.

### III. DISPOSITION

The September 19, 2019 order denying the motion to suppress is affirmed.

6