Filed 11/10/22  P. v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY KIM NGUYEN,<br><br>    Defendant and Appellant. | H049094<br>(Santa Clara County<br> Super. Ct. No. C1906750) |

Tony Kim Nguyen appeals from a judgment entered after he pleaded no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)),[1] carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1)), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).  Nguyen contends that the trial court erred in denying his motion, made under section 1538.5, to suppress evidence seized during the search of his vehicle.  We conclude that the officers did not have probable cause to search his vehicle, and therefore we reverse and remand for further proceedings.

## I.  FACTS AND PROCEDURAL BACKGROUND

On the evening of November 4, 2018, San Jose Police Officer Brandon German conducted an enforcement stop on a car driven by Nguyen after German observed

---

[1] Undesignated statutory references are to the Penal Code.

expired registration tags.  Officer Ronald Hisatomi, who was following German in a separate patrol car, also participated in the traffic stop.[2]

In response to German's signaling, Nguyen pulled into a parking lot.  As German walked up to the driver's side of the car, he could smell burnt marijuana.  Nguyen, who was the driver of the car, immediately handed German his driver's license.  There was a passenger in the front of the car, and she also provided German with her driver's license.

German returned to his patrol car to conduct a records check, then he re-approached and asked if there was anything illegal in the car.  In response, Nguyen held up a jar with marijuana inside it.  It was a small jar with a closed lid.  German believed that Nguyen was transporting marijuana illegally because the jar did not appear to him to be a sealed package issued by a cannabis dispensary.  German asked Nguyen for consent to search the car, but Nguyen declined.  German then told Nguyen to step out of the car, and when he did, German saw a "green leafy-like substance" on the seat and a "vape pen" in the center console.

As Nguyen stepped out of the car, German smelled the same odor of marijuana, which he characterized as a "burnt marijuana" smell, that he had noticed when he first approached the vehicle.  German was aware of the difference in smell between marijuana vapor and marijuana smoke, and what he smelled during the traffic stop was not marijuana vapor.  Hisatomi walked up to Nguyen as he exited the car and told Nguyen that he could smell marijuana as he approached the car.

After Nguyen exited the car, German announced that he was going to search the vehicle.  German then instructed the passenger to exit the car, and as he patted her down German asked, "were you guys smoking in the car now?"  When the passenger replied, "no," German responded, "it just smells like that from before or what?"

---

[2] The facts of the search are taken from the suppression hearing, where the sole witnesses were German and Hisatomi.

2

German searched under the passenger seat and found two clear baggies containing cocaine. The officers handcuffed Nguyen and the passenger, then conducted a further search of car, during which they discovered a semiautomatic gun and ammunition under the driver's seat.

Nguyen was charged in a criminal information with four charges related to the firearm and cocaine recovered during the search of his vehicle. After the information was filed, Nguyen filed a motion under section 1538.5 to suppress evidence seized during the search of his car. In denying the motion, the trial court pointed to the footage from the body-worn cameras and noted that both officers independently stated that they smelled burnt marijuana. The court stated that it was reasonable for the officers to conclude, based on this odor of burnt marijuana, that there would be more items in the car of an illegal nature, and thus there was probable cause to search the car.

After the denial of the suppression motion, Nguyen pleaded no contest to all four counts in the information. The court placed Nguyen on probation for a two-year term, and ordered him to serve 188 days in custody. Nguyen filed a timely notice of appeal from the order denying the motion to suppress.

## II. DISCUSSION

On appeal, Nguyen argues that the warrantless search of his vehicle was unlawful because there were insufficient facts to support the trial court's conclusion that the search was supported by probable cause. The People contend that the search was lawful because the totality of circumstances gave rise to a fair probability that Nguyen's car contained contraband or evidence of unlawful marijuana use or possession.

### A. *Standard of Review*

In reviewing the trial court's ruling on a motion to suppress, we defer to the trial court's findings, express or implied, where supported by substantial evidence. (*People v. Brown* (2015) 61 Cal.4th 968, 975.) In determining whether the search or seizure was

3

reasonable on the facts found by the trial court, we exercise our independent judgment. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.)

**B.**     *Analysis*

The trial court denied the motion to suppress, concluding that under the facts of this case, the officers had probable cause to search the vehicle.  We conclude, based upon our independent review, that the trial court erred in denying the motion to suppress.

A warrantless search is unlawful under the Fourth Amendment unless is falls within one of the specifically established and well-delineated exceptions.  (*Katz v. United States* (1967) 389 U.S. 347, 357.)  The automobile exception allows a warrantless search of a vehicle where an officer has probable cause to believe it contains evidence of a criminal activity or contraband.  (*People v. Evans* (2011) 200 Cal.App.4th 735, 753.) Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of crime will be found."  (*Ornelas v. United States* (1996) 517 U.S. 690, 696.)  In evaluating whether a reasonable officer would have probable cause to search, we consider the totality of the circumstances.  (*People v. Lee* (2019) 40 Cal.App.5th 853, 862.)

Before the passage of Proposition 64, an officer's observation of the odor of marijuana or the presence of less than one ounce of marijuana could provide probable cause to search a vehicle.  (See *People v. Waxler* (2014) 224 Cal.App.4th 712, 719-720.) In 2016, the voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which legalized the possession of up to 28.5 grams of non-concentrated cannabis and 8 grams of concentrated cannabis by individuals 21 or older.  (Health & Saf. Code, § 11362.1, subd. (a)(1) & (a)(2).)  Subdivision (c) of the statute provides that "[c]annabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest."  (Health & Saf. Code, § 11362.1, subd. (c).)

4

But while the lawful possession of cannabis and lawful conduct under the statute may not constitute the basis for a search, "this provision does not apply when the totality of the circumstances gives rise to a fair probability that an existing cannabis regulation was violated when the search occurred." (*Blakes v. Superior Court* (2021) 72 Cal.App.5th 904, 911 (*Blakes*).) After the passage of Proposition 64, it remains unlawful to smoke or ingest cannabis while driving a vehicle. (Health & Saf. Code, § 11362.3, subd. (a)(7).) Possessing an open container or open package of cannabis products while driving or riding as a passenger in a vehicle is prohibited. (*Id.*, subd. (a)(4).) Vehicle Code section 23222, subdivision (b)(1) similarly prohibits a person who is driving from having "in their possession on their person . . . a receptacle containing cannabis or cannabis products . . . which has been opened or has a seal broken, or loose cannabis flower not in a container." It is also unlawful to drive under the influence of "any drug," including cannabis. (Veh. Code, § 23152, subd. (f).)

Here, the odor of burnt marijuana, coupled with the presence of a lawful amount of marijuana, did not justify the warrantless search of the car.

First, since the passage of Proposition 64, courts have held that "the lawful possession of marijuana in a vehicle does not provide probable cause to search the vehicle." (*People v. Hall* (2020) 57 Cal.App.5th 946, 948 (*Hall*).) The People do not argue that the jar of marijuana possessed by Nguyen was unlawful on the basis that it was unsealed or because its contents exceeded the amount made legal for possession under Proposition 64, and indeed, no evidence was presented to support either of these theories. Instead, the People contend that Nguyen's presentation of the sealed jar of marijuana in response to German's question as to whether he had "anything illegal" in the car is relevant to the probable cause analysis because it shows that Nguyen believed his possession of the marijuana was illegal. But the People have provided no support to explain why Nguyen's belief that his possession of the jar of marijuana might be unlawful is relevant to the probable cause analysis. We therefore decline to consider

Nguyen's presentation of the jar of marijuana as relevant to the question of whether there was probable cause to search his vehicle under the automobile exception.

Second, the odor of burnt marijuana detected by the officers was not enough to provide probable cause to search the car. The trial court here concluded that the odor of burnt marijuana supported the reasonable inference that there "may be more in the car of an illegal nature to allow the search of the car." This ruling is in conflict with persuasive appellate cases that have considered whether the odor of marijuana, coupled with a lawful amount of marijuana, justifies a warrantless search.

In *Blakes*, a police officer stopped a car based on a tinted windows violation and discovered that the defendant was driving on a suspended license. (*Blakes*, *supra*, 72 Cal.App.5th at p. 908.) When the officer contacted the defendant, he smelled the odor of burnt marijuana coming from the car, but he did not know if the odor was of freshly burnt marijuana. (*Id.* at p. 908.) The officer told the defendant he was going to search the car because he had smelled burnt marijuana, although he had no information indicating the defendant was impaired or how recently the defendant had smoked marijuana. (*Id.* at p. 909.) During the search of the car, the officer first found a burnt marijuana cigarette sticking out of a trash receptacle in the center console, and then additional marijuana cigarettes, a digital scale, and a handgun. (*Ibid.*)

On a mandamus petition filed after the trial court denied his suppression motion, the appellate court granted relief, concluding that there was insufficient probable cause to support the warrantless search under the automobile exception. (*Blakes*, *supra*, 72 Cal.App.5th at p. 913.) The court stated that there were two possible illegal uses of marijuana that could have supported probable cause to believe that a crime was being committed: driving under the influence of marijuana, and driving with an open container. (*Id.* at p. 912.) The court noted that the prosecution had presented no evidence that the defendant was impaired or that the officers had observed an open container before searching the car. (*Ibid.*) Notably, the court added that "[t]he smell of burnt marijuana in

6

a car, where there is no indication it had been recently smoked within, cannot by itself provide probable cause of driving under the influence." (*Ibid.*)

Here, the trial court made an implied finding that the marijuana smell was recent, but this was not a reasonable inference based on the evidence presented. As was the case in *Blakes*, there was no additional evidence to support a theory that Nguyen or his passenger had recently smoked in the car: there was no evidence of smoke coming from the car, or other indicia of recent smoking, such as ashes, lighters, matches, or partially-burnt marijuana cigarettes. Although German observed a vape pen[3] in the car before he searched it, he also stated that what he smelled was not marijuana vapor, so the presence of the vape pen does not support the conclusion of recent marijuana use in the car. Thus, because the evidence did not support an inference that marijuana "had been recently smoked within" the car, the burnt smell of marijuana was not enough "by itself" to provide probable cause to search the car under the automobile exception. (*Blakes*, *supra*, 72 Cal.App.5th at pp. 912-913.)

The appellate court in *People v. Johnson* (2020) 50 Cal.App.5th 620 (*Johnson*) also determined that the smell of marijuana, along with a closed baggie of marijuana, did not justify a warrantless search of a vehicle. In *Johnson*, officers approached a parked car that had a missing registration tag. As an officer neared the vehicle, he smelled the odor of marijuana, and he saw in plain view on the center console a knotted clear baggie containing a small amount of marijuana. (*Id.* at p. 627.) On appeal from the denial of Johnson's suppression motion, the court first concluded that the knotted baggie was not an open container under Health & Safety Code section 11362.3, subdivision (a)(4). (*Id.* at p. 634.) Turning to the odor of marijuana, the court observed that because there was

---

[3] The People characterize this device as a "vape pen," while Nguyen calls it a "vape battery." This distinction does not affect our analysis. What is clear is that the officer saw some form of a vape pen—either partial or whole—but it did not have a THC vapor cartridge attached to it.

no evidence presented about the connection between the smell of marijuana and the likelihood of finding an open container, evidence related to the marijuana odor "add[ed] little to the probable cause calculus." (*Ibid.*)

As was the case in *Johnson*, here there was no connection established between the smell of burnt marijuana and the likelihood of finding evidence of unlawful conduct related to marijuana. The People appear to contend that the green leafy substance German observed on the driver's seat constitutes evidence that Nguyen possessed an unlawful open container, but there was no evidence presented at the hearing as to the quantity of this leafy material or even testimony offered that it was indeed marijuana. (See *Hall, supra,* 57 Cal.App.5th at p. 958 [declining to consider loose marijuana leaves and ash as supporting probable cause to search a vehicle where nothing in the record indicated that the magistrate considered this material as an open container under Health & Saf. Code, § 11362.3, subd. (a)(4) or loose cannabis flower under Veh. Code, § 23152, subd. (f)].) With respect to driving under the influence, there was no evidence that Nguyen drove erratically, or that he appeared to be impaired, and the officers did not conduct a DUI investigation.

Accordingly, because no connection was established between the smell of marijuana and the likelihood of finding evidence related to unlawful activity, the marijuana odor here did not support a conclusion that the officers had probable cause to search the vehicle. The trial court therefore erred in denying Nguyen's motion to suppress.

### III. DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to set aside its order denying the motion to suppress, enter an order granting the motion, allow defendant to move to withdraw his plea, and conduct further proceedings consistent with this opinion.

8

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Danner, J.


H049094
People v. Nguyen