[No. B233368. Second Dist., Div. Eight. May 2, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ROSLAND NADINE TORRES et al., Defendants and Appellants.

**Counsel**

The Cochran Firm and Richard Barnwell for Defendant and Appellant Rosland Nadine Torres.

Marks & Brooklier and Anthony P. Brooklier for Defendant and Appellant Jnaya Nichole Dean.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BIGELOW, P. J.**—Defendants Rosland Nadine Torres and Jnaya Nichole Dean pled no contest to charges of burglary (Pen. Code, § 459) and grand theft (*id.*, § 487, subd. (a)). On appeal, defendants challenge the trial court's ruling denying their motion to suppress evidence recovered during a warrantless entry and search of their hotel room. We reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

We summarize the evidence in accordance with the rules governing review of a trial court order on a motion to suppress. (*People v. Rios* (2011) 193 Cal.App.4th 584, 589 [122 Cal.Rptr.3d 96].) As there was no trial in the case, this background is taken from the evidence adduced at the hearing on defendants' suppression motion.

On December 21, 2010, security personnel at a hotel in Los Angeles contacted police about a burglary. A hotel guest reported several items were missing from her room, including a laptop computer and a Blackberry cell phone. Hotel personnel determined that a hotel engineer had unlocked the victim's hotel room door for two women. The engineer provided a description of the two women. A hotel security officer believed he had previously helped the two women enter a different hotel room, with their key. Hotel personnel also reviewed relevant video surveillance footage. They believed the suspects were still in the hotel.

Los Angeles police officers were directed to the room in which security personnel believed the suspects were staying. At the door, police noticed a "strong smell" of marijuana. One officer smelled marijuana when he was around two or three feet away from the door of the room. An officer knocked on the hotel door. When a woman opened the door, the smell of marijuana was stronger. The officers asked everyone in the room to step into the hallway. Defendants and two men came out of the room.[1] Police then conducted a "protective sweep" of the room. During the sweep, an officer noticed a Blackberry cell phone in plain view. There was a purse on a bed. The top of the purse was open; inside the officer saw a credit card in the victim's name. The officer looked in the purse to locate an identification card; he found Dean's identification. He saw what looked and smelled like marijuana ashes in an ashtray. Police also found a black laptop underneath a mattress.

Pursuant to Penal Code section 1538.5, defendants moved to suppress evidence found in the room. At the hearing on the motion, defendants argued

---

[1] Police officers searched the two men, questioned them, and eventually released them.

there were no exigent circumstances permitting a warrantless entry of the hotel room, and there was no evidence a protective sweep was necessary. The trial court partially denied the suppression motion. The court concluded a protective sweep rationale did not permit the warrantless entry. However, the court determined there were exigent circumstances justifying the entry. The court stated police officers could lawfully enter the hotel room to prevent marijuana from being destroyed or from "going up in smoke." The court concluded evidence of items in plain view was admissible. However, it suppressed evidence of items seized that were not in plain view, including the laptop computer found under a mattress.

Defendants eventually pled no contest to burglary and grand theft charges. The trial court sentenced each defendant to three years of formal probation.

## DISCUSSION

### *The Police Officers' Warrantless Entry Was Not Justified by Exigent Circumstances*

Defendants contend the warrantless entry in this case was not justified by exigent circumstances and the evidence recovered in the hotel room should have been suppressed. The parties focus their arguments on whether the warrantless entry was lawful because the police officers reasonably believed it was necessary to prevent the imminent destruction of evidence.[2] When reviewing a trial court's denial of a motion to suppress, "we uphold [the trial court's] factual findings, whether express or implied, if they are supported by substantial evidence. [Citation.] We then exercise our independent judgment and 'measure the facts, as found by the trier, against the constitutional standard of reasonableness' to determine whether the search and seizure were lawful." (*People v. Rios, supra*, 193 Cal.App.4th at p. 589.) We conclude the warrantless entry was not lawful in this case.

 "[A] guest room in a hotel is considered a home for purposes of the Fourth Amendment . . . . [¶] An exigent circumstance is needed for a warrantless entry into one's home regardless of the strength of the probable cause to arrest [citation] or the existence of a statute authorizing the arrest." (*People v. Ortiz* (1995) 32 Cal.App.4th 286, 291 [38 Cal.Rptr.2d 59] (*Ortiz*), citations omitted.) " '[S]earches and seizures inside a home without a warrant are presumptively unreasonable.' [Citation.]" (*People v. Thompson* (2006) 38 Cal.4th 811, 817 [43 Cal.Rptr.3d 750, 135 P.3d 3] (*Thompson*).) However, "[t]he presumption of unreasonableness that attaches to a warrantless entry

---

[2] On appeal, the People do not argue the warrantless entry was justifiable as a "protective sweep." (See *People v. Ormonde* (2006) 143 Cal.App.4th 282, 292–295 [49 Cal.Rptr.3d 26].)

into the home 'can be overcome by a showing of one of the few "specifically established and well-delineated exceptions" to the warrant requirement [citation], such as " 'hot pursuit of a fleeing felon, or imminent destruction of evidence, . . . or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling' " [citation]. The United States Supreme Court has indicated that entry into a home based on exigent circumstances requires *probable cause* to believe that the entry is justified by one of these factors such as the imminent destruction of evidence or the need to prevent a suspect's escape.' [Citation.]" (*Id.* at pp. 817–818.)

In *People v. Hua* (2008) 158 Cal.App.4th 1027 [70 Cal.Rptr.3d 559] (*Hua*), the Court of Appeal considered a situation very similar to that presented in this case. In *Hua*, police officers went to an apartment building to investigate a report of a noise disturbance. When they approached the apartment in question, they smelled burnt marijuana and, through a window, saw a person smoking what appeared to be marijuana. Several people were socializing in the house. (*Id.* at pp. 1030–1031.) Police entered the apartment without a warrant and discovered two marijuana cigarettes on a coffee table, marijuana plants, and a cane sword. (*Id.* at pp. 1031–1032.) The defendant was charged with cultivation and possession for sale of marijuana, and felony possession of a cane sword. (*Id.* at p. 1030.) The defendant moved to suppress the evidence seized during the warrantless entry. A magistrate, and later the trial court, denied the defendant's motion, concluding there were exigent circumstances justifying the warrantless entry. (*Id.* at pp. 1032–1033.)

The Court of Appeal reversed the trial court order. In short, the court concluded that while the police officers had probable cause to believe a crime was being committed inside the defendant's apartment, the crime they observed was too minor to support a warrantless entry based on exigent circumstances. The *Hua* court relied on the United States Supreme Court's reasoning in *Welsh v. Wisconsin* (1984) 466 U.S. 740 [80 L.Ed.2d 732, 104 S.Ct. 2091] (*Welsh*) and *Illinois v. McArthur* (2001) 531 U.S. 326 [148 L.Ed.2d 838, 121 S.Ct. 946] (*McArthur*), as well as the California Supreme Court's opinion in *Thompson*. *Welsh* and *Thompson* both involved police officers' warrantless entry into a driving under the influence (DUI) suspect's home in order to preserve evidence of the suspect's blood-alcohol content. (*Welsh, supra,* at p. 753; *Thompson, supra,* 38 Cal.4th at pp. 816, 820–821.) *McArthur* concerned a police officer's detention of a suspect outside of his home, thereby preventing him from entering unaccompanied and destroying evidence of marijuana possession. (*McArthur, supra,* at p. 329.) In *Welsh*, the Supreme Court concluded the exigent circumstances exception did not justify the warrantless entry because in Wisconsin, the DUI offense was a noncriminal, nonjailable offense. (*Welsh, supra,* at p. 754.) The *Hua* court summarized *Welsh* as holding "entry into a home to preserve

evidence from imminent destruction is limited to evidence of crimes that are not minor. (*Welsh, supra,* 466 U.S. at p. 750.)" (*Hua, supra,* 158 Cal.App.4th at p. 1034.)

Similarly, the *Hua* court relied on *McArthur,* in which the high court concluded " ' " 'the penalty that may attach to any particular offense seems to provide the clearest and most consistent indication of the State's interest in arresting individuals suspected of committing that offense,' " ' " and it found " ' "significant distinctions" between "crimes that were 'jailable,' not 'nonjailable.' " [Citations.]' [Citation.]" (*Hua, supra,* 158 Cal.App.4th at p. 1035, quoting *Thompson, supra,* 38 Cal.4th at p. 822 & *McArthur, supra,* 531 U.S. at p. 336.) Finally, the *Hua* court relied on *Thompson,* in which "our Supreme Court distinguished *Welsh* and relied on *McArthur* to uphold a warrantless entry into a home to effect a suspect's arrest for DUI because . . . California classifies a first DUI offense as a criminal act, punishable by a jail term. [Citation.] *Thompson* also reasoned that, in California, DUI 'is not an "extremely minor" offense' and limited *Welsh* to Wisconsin's decision to classify DUI as a civil nonjailable offense. (*Thompson,* at p. 821.)" (*Hua, supra,* at p. 1035.)

The *Hua* court thus reasoned: "Possession of less than 28.5 grams of marijuana is a misdemeanor punishable by a fine of no more than $100,[3] which is less than the punishment imposed by Wisconsin in *Welsh.* Relying on the line clearly drawn between jailable and nonjailable offenses in *McArthur* and *Thompson,* we conclude that the crime observed by the Pacifica police officers cannot support a warrantless entry, based on exigent circumstances." (*Hua, supra,* 158 Cal.App.4th at pp. 1035–1036.) The court also rejected the People's argument that police officers had reason to believe the defendant possessed more than 28.5 grams of marijuana. The court explained: "While we accept the reasonable possibility that there was more marijuana in the apartment than the two blunts observed by the officers, it is mere conjecture to conclude that there was enough to constitute a jailable offense." (*Id.* at p. 1036.)

The *Hua* court's reasoning is equally applicable here. In this case, the officers had even less reason than the police in *Hua* to believe defendants possessed more than 28.5 grams of marijuana. Here, police only smelled the odor of burning marijuana. They had no other information about marijuana possession or any other marijuana-related crime occurring in the hotel room. No evidence indicated the officers had reason to fear the imminent destruction of evidence of a jailable offense. Under *Welsh* and *Thompson,* a belief that evidence of a nonjailable offense will be imminently destroyed is not sufficient to justify a warrantless entry based on exigent circumstances.

---

[3] Health and Safety Code section 11357, subdivision (b).

The People suggest that "in the instant case, where there [were] at least four individuals inside a hotel room having what apparently was a marijuana-smoking party, there was at least probable cause to suspect that the marijuana being possessed was more than a mere ounce."[4] But there is no evidence to support this characterization of the circumstances. While in the hotel hallway, the officers did not know how many people were in the room; at most, they had reason to believe defendants were present. There was no evidence that police heard multiple voices or the sounds of a "party." And there simply was no evidence suggesting there was a "marijuana-smoking party" taking place inside the hotel room, or testimony indicating the police officers even suspected such an event.[5] The only evidence adduced was that the police officers smelled a strong odor of burning marijuana. Even assuming the officers observed there were more than two people in the hotel room before the warrantless entry, there was still no evidence suggesting the officers had probable cause to believe the room occupants possessed more than 28.5 grams of marijuana. As in *Hua*, we conclude exigent circumstances did not justify a warrantless entry.

■ We are also not persuaded by the People's argument that *Hua* is distinguishable because here the officers did not make any observations that would limit the possible amount of marijuana in the hotel room, while in *Hua*, the officers saw only one person smoking a marijuana cigarette before the warrantless entry. (*Hua, supra*, 158 Cal.App.4th at pp. 1030–1031.) This is not a meaningful distinction. In both cases, police officers smelled marijuana burning from outside the residence. In this case, the smell was the *only* indication police had that marijuana was being consumed. In both cases, police officers had no basis other than speculation to believe that more than 28.5 grams of marijuana was being possessed in the residence. As explained in *Welsh*, "the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." (*Welsh, supra*, 466 U.S. at pp. 749–750.) Speculation that someone inside a residence could be possessing more than 28.5 grams of marijuana based on nothing more than the smell of burning marijuana emanating from the residence, with no other details, does not meet that heavy burden.

---

[4] The People do not define the term "marijuana-smoking party."

[5] For example, at the hearing, the following testimony was elicited from one of the responding police officers: "[DEFENSE COUNSEL]: . . . [¶] With regard to whether or not anybody else was in the room, what you're saying is you didn't know if anybody else was in the room, correct? [¶] [OFFICER]: Correct. [¶] [DEFENSE COUNSEL]: You didn't have any specific reason to believe that anybody else was in the room, did you? [¶] [OFFICER]: That's unknown. That's why we conducted a protective sweep. [¶] [DEFENSE COUNSEL]: But you didn't specifically know that there was another person in there or have any reason to believe that; is that correct? [¶] . . . [¶] . . . So you just—you don't know? That's your answer, right? [¶] [OFFICER]: Yes, sir."

The People's reliance on *Vaillancourt v. Superior Court* (1969) 273 Cal.App.2d 791 [78 Cal.Rptr. 615], is misplaced. In *Vaillancourt*, police officers smelled burning marijuana, entered a hotel room from which the smell was emanating and saw marijuana, then arrested the defendant they had previously observed leaving the room. The court concluded the officers had probable cause to arrest the defendant in part because they smelled burning marijuana which indicated a crime was being committed in the officers' presence, and the drug was in danger of imminent destruction because it was burning. (*Id.* at pp. 793, 797.) To the extent *Vaillancourt* stands for the proposition that a warrantless entry into a residence is justified by exigent circumstances when police officers smell burning marijuana, we note that when *Vaillancourt* was decided, possession of any amount of marijuana was a jailable offense. (See Health & Saf. Code, former § 11530, as amended by Stats. 1968, ch. 1465, § 1, pp. 2930–2931.) As the *Hua* court noted, in 1975, the Legislature reduced the penalties for simple possession of marijuana. (*Hua, supra*, 158 Cal.App.4th at p. 1036.) Thus, *Vaillancourt* is of limited applicability to the issues here.[6]

██ We also decline the People's invitation to disagree with the *Hua* court's analysis of the relevant legal authorities. The courts in *Welsh*, *McArthur*, and *Thompson* clearly distinguished between minor and more serious offenses. In *Thompson*, our Supreme Court limited the reach of *Welsh* by concluding it applied only to nonjailable offenses. (*Thompson, supra*, 38 Cal.4th at pp. 821–822, 824.) However, this limitation still renders *Welsh* squarely applicable in this case. Where, as here, police articulated no basis to believe a jailable offense was occurring, there were no exigent circumstances justifying a warrantless entry to prevent destruction of evidence that would prove the offense. We agree with the *Hua* court's conclusion: "California has chosen to treat the offense of possession of less than 28.5 grams of marijuana as a minor offense that is nonjailable even for repeat offenders. Under *Welsh*, *McArthur* and *Thompson*, one consequence of that decision is to preclude officers who see this offense being committed from entering a home without a warrant or consent to seize the offender or the contraband, in order to prevent the imminent destruction of evidence of the offense." (*Hua, supra*, 158 Cal.App.4th at p. 1037.)

---

[6] We also agree with the multiple courts that have rejected the suggestion in *People v. Robinson* (1986) 185 Cal.App.3d 528, 531 [229 Cal.Rptr. 851], that a statute—in this case Penal Code section 836—may justify an otherwise unconstitutional search or seizure. As explained in *Ortiz*, "[a] statute does not trump the Constitution." (*Ortiz, supra*, 32 Cal.App.4th at p. 292, fn. 2; see also *Hua, supra*, 158 Cal.App.4th at p. 1037; *Conway v. Pasadena Humane Society* (1996) 45 Cal.App.4th 163, 176 [52 Cal.Rptr.2d 777]; *People v. Hull* (1995) 34 Cal.App.4th 1448, 1453, 1457 [41 Cal.Rptr.2d 99].)

Accordingly, the trial court should have granted defendants' motion to suppress the evidence seized during the warrantless entry of the hotel room.[7]

## DISPOSITION

The judgment is reversed. The cause is remanded to the trial court with directions to grant defendants' Penal Code section 1538.5 motion as to all items seized from the hotel room, and vacate defendants' no contest pleas if defendants make an appropriate motion within 30 days from the date this opinion becomes final. If defendants do not make such a motion, the trial court is to reinstate the judgment. (*People v. Rios* (1976) 16 Cal.3d 351, 359 [128 Cal.Rptr. 5, 546 P.2d 293].)

Rubin, J., and Flier, J., concurred.

---

[7] Although at oral argument there was a limited discussion of Proposition 215, the Compassionate Use Act of 1996 (Health & Saf. Code, § 11362.5 et seq.), we note that no Proposition 215 issues were raised below. We do not consider or address how California's medical marijuana laws affect the determination of exigent circumstances when law enforcement suspects marijuana use is occurring.