Filed 12/12/13  P. v. Moreno CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057752 |
| v. | (Super.Ct.No. FMB1100260) |
| ARTHUR RAYMOND MORENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Joseph T. Rhea for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael T. Murphy and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Following the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5, defendant and appellant Arthur Raymond Moreno pleaded guilty to a

1

violation of Health & Safety Code section 11357, subdivision (a),[1] possession of concentrated cannabis.

In this appeal, defendant argues the trial court erred when it denied his motion to suppress evidence found during a search of his vehicle, which was prompted by a police officer's detection of a strong odor of marijuana emanating from the vehicle. As discussed *post*, the warrantless search was supported by probable cause and, so, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with possession for sale (§ 11359), transportation (§ 11360, subd. (a)), and cultivation of marijuana (§ 11358).

Defendant moved to suppress evidence obtained following a vehicle stop. The parties stipulated at the beginning of the hearing on defendant's suppression motion that the police report would serve as the factual basis for the motion. The court accepted this report into evidence, and no other testimony or evidence was presented at the hearing.

The police report was written by San Bernardino County Sheriff's Deputy Jimmy Delgado. Deputy Delgado stated in the report that he was working motorcycle patrol when California Highway Patrol Officer Griffin informed him that she was following two vehicles and detected a strong odor of marijuana coming from one of them. She had stopped one vehicle, and Deputy Delgado began following the other one, a GMC pickup truck. He noticed that the truck had "smoked tail lamp lenses," which is a Vehicle Code

---

[1] Statutory references are to the Health and Safety Code unless otherwise indicated.

violation.[2] While following the vehicle, he also detected a strong odor of marijuana coming from the truck. Deputy Delgado pulled the truck over for the Vehicle Code violation.

Once he pulled the truck over, Deputy Delgado contacted defendant, who was driving, and another adult male, who was riding in the passenger seat. He could still smell a "strong odor of marijuana coming from the vehicle." Deputy Delgado went back to his vehicle and conducted a records check on both men. He determined that neither had any outstanding warrants. He then went back to the truck and had both men exit the vehicle, placed them in handcuffs, and seated them on the curb.

Deputy Delgado informed defendant he was not under arrest and was being detained in reference to the strong odor of marijuana coming from his vehicle. In response to the officer's questions, defendant said he had no marijuana in the vehicle, but he did have a medical marijuana card.

During the search of the cab of the truck, Deputy Delgado found four cardboard boxes and a kitchen trash bag containing approximately 200 immature potted marijuana plants. In the bed of the truck, he found five lawn trash bags containing cut marijuana plants weighing approximately 100-150 pounds. Defendant was arrested for transportation of marijuana.

The trial court denied the motion to suppress evidence. Thereafter, defendant entered a plea agreement, pleading guilty to possession of concentrated cannabis. In

---

[2] Vehicle Code section 24600, subdivision (e), provides that tail lamps shall be red in color.

3

exchange, three other counts were dismissed, and he was placed on three years' formal probation with specified terms and conditions.

DISCUSSION

We apply the well established standard of review to the trial court's ruling on the motion to suppress. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. Where, as here, the facts are undisputed, we exercise our independent judgment in determining whether the search was reasonable under the Fourth Amendment. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

"Challenges to the admissibility of evidence obtained by a police search and seizure are reviewed under federal constitutional standards. [Citations.] A warrantless search is unreasonable under the Fourth Amendment unless it is conducted pursuant to one of the few narrowly drawn exceptions to the constitutional requirement of a warrant." (*People v. Schmitz* (2012) 55 Cal.4th 909, 916.) One such exception is the automobile exception, which allows a police officer who has probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband to conduct a warrantless search of any area of the vehicle in which the evidence might be found. (*Arizona v. Gant* (2009) 556 U.S. 332, 347; *People v. Evans* (2011) 200 Cal.App.4th 735, 753.) "Hornbook law states that the Fourth Amendment to the United States Constitution permits the warrantless search of an automobile with probable cause. [Citations.] The scope of such a warrantless search is defined by the nature of the items being sought: 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.'

4

[Citation.]" (*People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 (*Strasburg*).) The automobile exception applies here since Deputy Delgado had probable cause to search because he detected the odor of marijuana emanating from defendant's vehicle.

Defendant contends, however, that the detection of the odor of marijuana no longer justifies a search in light of the change in California making simple possession of less than 28.5 grams of marijuana an infraction.[3] He relies on *People v. Torres* (2012) 205 Cal.App.4th 989 and *People v. Hua* (2008) 158 Cal.App.4th 1027, to support this position. We find these cases to be inapposite because neither involved vehicle searches.

In *Torres*, the Court of Appeal found that the odor of burning marijuana alone did not provide probable cause for the entry into and search of a residence. The appellate court's task was to determine whether the officers who searched a hotel room based on exigent circumstances could establish probable cause to believe that evidence of a *jailable* offense would be imminently destroyed. The appellate court's actual holding was that the odor of burning marijuana, and nothing more, did not provide probable cause to believe that the occupants possessed more than the minimum amount of marijuana, 28.5 grams, punishable by jail time. (*People v. Torres*, *supra*, 205 Cal.App.4th at p. 997-998.) In *People v. Hua*, *supra*, 158 Cal.App.4th at page 1037, the appellate court reached the same result where the police entered an apartment after observing several individuals smoking marijuana.

In the current matter, Deputy Delgado did not search a person's residence based on exigent circumstances that evidence of a jailable offense would be destroyed. Neither

---

[3] Section 11357, subdivision (b).

did he smell burning marijuana, which could indicate the presence of a single lit marijuana cigarette. Rather, he detected a strong odor of fresh marijuana emanating from defendant's vehicle when he was some distance away and following the vehicle on a highway. The strong odor indicated that there was a significant amount of nonburning marijuana in the vehicle and provided probable cause to believe defendant possessed an amount of marijuana over the legal limit.

The court in *Strasburg*, *supra,* 148 Cal.App.4th 1052, considered a similar claim to that made here—i.e., because the defendant possessed a doctor's prescription for marijuana, a sheriff's deputy lacked probable cause to search the defendant's vehicle when he approached a vehicle and smelled marijuana. The appellate court found, to the contrary, that the deputy did have probable cause to search at this point. (*Id.* at p. 1059.) The defendant there admitted smoking marijuana, and the deputy sheriff saw another bag of marijuana in the car after defendant handed him one. "The fact that defendant had a medical marijuana prescription, and could lawfully possess an amount of marijuana greater than that [the deputy sheriff] initially found, does not detract from the officer's probable cause." (*Id.* at pp. 1059-1060.) The court observed the Compassionate Use Act of 1996[4] provides a limited immunity and not a shield from reasonable investigation. Defendant attempts to distinguish *Strasburg* on the ground that he is not basing his argument on having a prescription for marijuana. This distinction is without significance. The crucial point made by the *Strasburg* court applies with equal force to the facts of this

---

[4] Section 11362.5.

case: the strong odor of marijuana gave Deputy Delgado probable cause to search for marijuana. We reemphasize that the strong odor of unburned marijuana, which the officer could detect when merely following defendant's vehicle, indicated the presence of a substantial quantity of the substance well over and above the amount that was punishable only as an infraction. The change in the marijuana possession law did not act as a shield to prevent Deputy Delgado from conducting a reasonable investigation to determine whether defendant had committed a misdemeanor or felony.

Finally, defendant contends that Deputy Delgado did not have probable cause to handcuff him, which he equates with an arrest. As we have discussed *ante*, the officer did have a lawful basis to detain defendant for the Vehicle Code violation and to search the vehicle. He then could order the occupants out of the vehicle. (*Pennsylvania v. Mimms* (1977) 434 U.S. 106 [officer safety is a legitimate reason to order a person out of their vehicles].) Deputy Delgado went further and handcuffed defendant and made him sit on the curb. These actions did not necessarily turn a detention into an arrest, however. (See *People v. Celis* (2004) 33 Cal.4th 667, 675 ["stopping a suspect at gunpoint, handcuffing him, and making him sit on the ground for a short period, as occurred here, do not convert a detention into an arrest"].) In *Celis*, the court concluded that it was not unreasonable for the officer to draw his gun and handcuff the suspect briefly because the officer had reason to believe the defendant was concealing drugs or drug proceeds in the truck tire he was rolling; the officer was faced with two suspects, each of whom might flee if the officer stopped one but not the other. Respondent theorizes that these same factors were present in this case to justify the handcuffing of defendant. We note,

7

however, that Deputy Delgado's report does not expressly set forth any safety concerns or fear that defendant might flee. Determining the reasonableness of the use of restraints during a detention requires examination of the facts known to the officer and whether such restraints were appropriate under the circumstances. (*Celis,* at p. 675*; People v. Stier* (2008) 168 Cal.App.4th 21, 27-28.)

Nevertheless, the search of a vehicle is not invalidated even if we assume the handcuffing was unwarranted and resulted in illegal arrest at that point. This is so because Deputy Delgado did not obtain as a result of these actions either evidence from searching defendant's person or his consent to search. As we have already discussed, Deputy Delgado had probable cause to detain and search based on the strong odor of marijuana irrespective of his actions in handcuffing defendant and having him sit on the curb. The trial court did not err in denying defendant's motion to suppress evidence.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING  _____
                                        J.

We concur:


RAMIREZ  _____
                    P. J.

HOLLENHORST  _____
                    J.

8