Filed 7/6/17; pub. order 8/2/17 (see end of opn.)
Opinion on remand from Supreme Court

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>D.W.,<br><br>      Defendant and Appellant. | A145470<br><br>(City & County of San Francisco Super. Ct. No. JW15-6002) |

In May 2016, we affirmed a judgment declaring D.W. a ward of the court for his commission of three firearm offenses. In doing so, we rejected his argument that a search of his person was invalid under the Fourth Amendment because it did not properly fall within the exception to the warrant requirement for a search incident to an arrest. Our Supreme Court granted review and held the case pending its consideration and disposition of *People v. Macabeo* (2016) 1 Cal.5th 1206 (*Macabeo*). Once it decided that case, the court transferred this one back to us for reconsideration in light of *Macabeo*. No party filed a supplemental brief within the time allowed following transfer from the Supreme Court. (Cal. Rules of Court, rule 8.200(b).) We now reverse.

## I. BACKGROUND

On the afternoon of January 12, 2015, San Francisco police officers Solares, Ochoa, and Johnson were on patrol in the area of Palou Avenue and Newhall Street in

response to a broadcast that someone in the area might have a firearm. They saw five to eight individuals, most of whom they knew to have gang associations, standing on the corner of Palou and Newhall, in a rival gang area. The officers were concerned that the group might be trying to attract violence and contacted them to find out what they were doing.

As Solares approached them, he smelled the odor of marijuana on D.W.'s clothes and breath. Solares said, "Man, you smell like marijuana," and D.W. admitted he had just smoked some. The officers decided to search D.W. for more marijuana. Ochoa told D.W. to put his hands on his head, and D.W. "tried to pull away like . . . he didn't want me to search him." Ochoa put his hand underneath D.W.'s backpack, and felt a revolver. The officers handcuffed D.W. and retrieved the revolver from the backpack. After conducting the search, the officers determined that D.W. was 17 years old.

D.W. moved to suppress the evidence obtained in the search. He argued: "In the case at bar, none of the officers on the scene observed any suspected drug contraband in plain view of the minor. . . . Smelling of marijuana is not a crime; being under the influence of marijuana is not a crime. There was no probable cause to search him. There was no probable cause to arrest the minor for anything (and thereby, search him incident to a valid arrest), and there was no reasonable suspicion that he was armed and dangerous."

The court denied the motion to suppress, ruling: "The way the Minor's argument is sort of framed is even if [D.W.] smelled and made the admission, they didn't have probable cause to arrest [him]. I think there's a big distinction [between probable cause] to arrest and [probable cause] to search. . . . [¶] . . . [¶] While the cases mostly talk about cars and vehicles and houses and luggage, the central theme that rises and can be seen through all the cases is that a strong smell can establish probable cause to believe contraband is present and the search is allowable and legal. [¶] . . . [¶] The court does find based upon the totality of the circumstances that the officers did have probable cause and that probable cause was reasonable based upon the facts and circumstance in this particular case and that they found the gun during a lawful search for contraband."

# I. DISCUSSION

" 'In California, issues relating to the suppression of evidence derived from governmental searches and seizures are reviewed under federal constitutional standards.' [Citations.] ' " 'We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.' " ' [Citations.] [¶] 'The Fourth Amendment to the federal Constitution prohibits *unreasonable* searches and seizures.' [Citation.] ' "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.' " [Citation.] Our cases have determined that "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." [Citations.] 'In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement.' [Citation.] The burden is on the People to establish an exception applies. [Citations.] [¶] One such exception is a search incident to lawful arrest." (*Macabeo*, *supra*, 1 Cal.5th at pp. 1212–1213.)

In *Macabeo*, the court considered whether search of the defendant's cell phone incident to his arrest was justified where the defendant was initially stopped for a Vehicle Code infraction of rolling through a stop sign while riding a bicycle.[1] (*Id*. at p. 1211.) Officers found pictures of underage girls in Macabeo's phone. The parties stipulated that this was a violation of Penal Code section 311.11, subdivision (a). (*Id*. at p. 1212.) After reviewing the United States Supreme Court's Fourth Amendment cases on the arrest exception, the *Macabeo* court made clear that a lawful arrest supported by probable

---

[1] The Court acknowledged the search of Macabeo's cell phone would have been improper under the U.S. Supreme Court's decision in *Riley v. California* (2014) 573 U.S. ___, 134 S.Ct. 2473, but considered whether the search could be justified as possibly incident to arrest in order to address the applicability of the good faith exception to the exclusionary rule. (*Macabeo*, *supra*, 1 Cal.5th at p. 1210.)

3

cause provides authority for a search, but that "there is no exception for a search incident to citation." (*Id.* at p. 1218.)

"[The high court's cases], taken together, stand for the following principles. When a custodial arrest is made, and that arrest is supported by independent probable cause, a search incident to that custodial arrest may be permitted, even though the formalities of the arrest follow the search. There is no exception for a search incident to citation. If an actual arrest takes place, a search incident to that arrest is allowed if it is supported by federal Fourth Amendment jurisprudence, more restrictive state law notwithstanding. Even the search-incident exception may be limited when attendant circumstances show the arrestee had no potential to put an officer in jeopardy, to escape, or to destroy evidence." (*Macabeo*, *supra*, 1 Cal.5th at p. 1218, citations omitted.)

Here, the search fails to satisfy the Fourth Amendment because when officers decided to search D.W., they had neither cause to make a custodial arrest nor evidence that he was guilty of anything more than an infraction. There is no doubt from the record that the team of arresting officers was in the vicinity of Palou and Newhall after receiving a report that someone in the area may be armed with a firearm. It also seems clear that D.W. and his companions were associated with a gang from another part of town. These facts drew the officers' attention to the group of young men, but were not proffered as reasons for the search.

Instead, Officers Solares and Ochoa searched D.W. because he smelled like marijuana and admitting to recently smoking some. But at the time of this search in 2015, possession of less than 28.5 grams of marijuana was an infraction punishable by a fine of not more than $100. (Health & Saf. Code, § 11357, subd. (b).) Under California law ingestion or possession of marijuana was a minor, non-jailable offense. (*People v. Hua* (2008) 158 Cal.App.4th 1027, 1037.) Moreover, even if the officers could reasonably conclude that the smell of marijuana and D.W.'s admission that he just smoked some meant he had more, it would have been mere conjecture to conclude that he

4

possessed enough to constitute a jailable offense.  (*Id*. at p. 1036; see also, *People v. Torres* (2012) 205 Cal.App.4th 989, 995–996.)

We will not consider whether the evidence of D.W.'s possession of the gun was admissible because the officers acted in good faith in the reasonable belief at the time they initiated the search that D.W. was guilty of some jailable offense.  The People have not made the argument.  In light of the disposition of this appeal, we also will not address the issues that pertain to D.W.'s conditions of probation.

## III.  DISPOSITION

The jurisdictional findings are reversed.

 

                                                        _____

                                                        Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.

Filed 8/2/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> D.W., <br><br>     Defendant and Appellant. | A145470 <br><br> (City & County of San Francisco Super. Ct. No. JW15-6002) <br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** |

**THE COURT:**

The opinion filed in the above-entitled matter on July 6, 2017, was not certified for publication in the Official Reports. For good cause, the request for publication by defendant and appellant is granted.

Pursuant to rule 8.1105(b) of the California Rules of Court, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

DATE: _____

                                                Siggins, Acting P.J.

Trial Court:                          San Francisco City and County Superior Court

Trial Judge:                          Braden C. Woods

Counsel:

Maggie Shrout, First District Appellate Project, for Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, Ronald E. Niver, Deputy Attorney General, for Respondent.