Filed 7/28/20; Certified for publication 8/18/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C088342 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FER-2018-0009346) |
| v. | |
| TYRONE BRENDON MCGEE, | |
| Defendant and Appellant. | |

Defendant appeals after entering a no contest plea to being a felon in possession of a firearm. On appeal, he challenges the trial court's denial of his motion to suppress evidence seized during a search of the car he was driving and a female passenger's purse. We conclude the presence of an unsealed bag of marijuana plainly visible on the passenger's person constitutes probable cause to search the passenger's purse. Since the purse contained a gun which defendant pled to possessing, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2018, Stockton Police Officers Greg Spears and David Muser were on patrol as part of the "Community Response Team." The officers initiated a traffic stop of the car defendant was driving after noticing its registration had expired. After defendant pulled over, Officer Spears approached the driver's side of the car and encountered defendant, while Officer Muser approached the passenger's side and encountered a female passenger. As they approached the car, both officers noted the scent of unburned marijuana. When asked about the scent by Officer Spears, defendant denied having any marijuana in the car; however, Officer Muser saw what appeared to be an unsealed bag of marijuana in the passenger's cleavage. After Officer Muser said he could see the marijuana, Officer Spears removed defendant from the driver's seat and informed him they were going to search the car. Defendant did not consent to a search but was cooperative. Officer Muser also removed the passenger from the car. After retrieving the bag of marijuana from the passenger, Officer Muser confirmed it was, in fact, unsealed.

While both defendant and the passenger were out of the car, Officer Muser noticed a zipped purse on the passenger floorboard. Officer Muser searched the purse for "anything illegal, any contraband that could be in the vehicle," and seized a loaded handgun from the purse. Officer Muser read defendant his rights pursuant to *Miranda*.[1] After acknowledging he understood his rights, defendant explained he came into possession of the handgun after a fight earlier that day. The other individual had dropped the gun in the struggle, and defendant picked it up as the individual ran away. Defendant further admitted he placed the gun in the passenger's purse when he noticed the officers behind his car.

Officer Muser testified to the above facts at the preliminary examination. After the preliminary examination, defendant moved to suppress evidence of all statements made by him and any evidence seized in the search. Defense counsel argued because

---

[1]    *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

marijuana is now legal in the state, the scent of unburned marijuana does not indicate defendant or the passenger were breaking the law and thus cannot give rise to a probable cause search. The prosecution opposed the motion, arguing while it is now legal to possess small amounts of marijuana, "probable cause to search for marijuana can exist if there's probable cause to believe the marijuana was in violation of additional Health and Safety Code sections that would criminalize such possession. [¶] In this particular case it appears that the marijuana was not in a sealed or closed container, which would have been a violation of . . . Health and Safety Code section 11362.3, which still prohibits such an act. [¶] Additionally, it is unlawful given [Vehicle Code] section 23222 . . . with regards to having such items in possession on a highway, . . . with the cannabis or cannabis products with a broken seal, or loose marijuana." The prosecution further argued the presence of a lawful amount of marijuana supports probable cause to search for unlawful amounts.

The magistrate agreed with the prosecution and likened the presence of an unsealed bag of marijuana to unsealed containers of alcohol. The magistrate reasoned because an open container of alcohol, despite being merely an infraction, establishes probable cause to search for additional open containers, the same should be said for marijuana. The magistrate denied the motion to suppress on these grounds. After the trial court denied defendant's renewed suppression motion following the prosecution's filing of an information, defendant pled no contest to being a felon in possession of a firearm and admitted having served a prior prison term. The court struck the allegation of a prior prison term and sentenced defendant to the low term of 16 months.

DISCUSSION

Defendant argues the search incident to arrest and the automobile exception do not justify the warrantless vehicle search performed by Officers Spears and Muser. The People argue only that the search of the passenger's purse was justified by probable cause and thus valid under the automobile exception. We agree with the People.

Where a motion to suppress is submitted after the filing of an information, "the appellate court disregards the findings of the superior court and reviews the determination

3

of the magistrate who ruled on the motion to suppress, drawing all presumptions in favor of the factual determinations of the magistrate, . . . and measuring the facts as found by the trier against the constitutional standard of reasonableness." (*People v. Thompson* (1990) 221 Cal.App.3d 923, 940.) In so doing, we defer to the magistrate's factual findings and, exercising our independent judgment, determine whether, "on the facts so found, the search or seizure was reasonable under the Fourth Amendment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. (U.S. Const., 4th Amend.) Warrantless searches are presumed unreasonable, "subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 585]; see also *People v. Superior Court (Walker)* (2006) 143 Cal.App.4th 1183, 1196.) Defendants may move to suppress evidence obtained through an unlawful search. (Pen. Code, § 1538.5.)

The automobile exception provides "police who have probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found." (*People v. Evans* (2011) 200 Cal.App.4th 735, 753; see also *Carroll v. United States* (1925) 267 U.S. 132, 149 [69 L.Ed. 543, 549].) Once an officer has probable cause to search the vehicle under the automobile exception, they "may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view." (*United States v. Ross* (1982) 456 U.S. 798, 800 [72 L.Ed.2d 572, 578].) Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." (*Ornelas v. United States* (1996) 517 U.S. 690, 696 [134 L.Ed.2d 911, 918].)

Defendant argues this exception does not apply because the enactment of Proposition 64 legalized possession of small amounts of marijuana for personal use. Thus, a legal amount of marijuana can no longer be considered contraband or provide the

basis for a probable cause search of an entire car.  The People disagree for two reasons. First, the People argue the "discovery of a limited amount of contraband . . . in the passenger area of a vehicle supplies the necessary probable cause to search the entire vehicle for more."  (Citing *People v. Dey* (2000) 84 Cal.App.4th 1318, 1322; *People v. Hunter* (2005) 133 Cal.App.4th 371, 380.)  Second, the People argue open containers of marijuana are analogous to open containers of alcohol, and because open containers of alcohol are sufficient to establish probable cause, the same can be said for open containers of marijuana.  (*People v. Souza* (1993) 15 Cal.App.4th 1646, 1653.)

I

*The Mere Presence Of A Lawful Amount Of Marijuana Does*
*Not Generate Probable Cause To Search For More*

The People substantially rely on pre-Proposition 64 authority in making the argument that Officers Spears and Muser had probable cause to search the vehicle based solely on their observation of a lawful amount of marijuana on the passenger's person. The People assert that recent amendments legalizing marijuana possession do not change the status of the law.  We disagree.

Section 11362.1 of the Health and Safety Code,[2] as amended by Proposition 64, provides, "Cannabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." (§ 11362.1, subd. (c).)  The plain language of section 11362.1, subdivision (c) indicates the Legislature's intent to remove cannabis from the ranks of contraband that gives rise to probable cause searches.  As such, and in light of recent precedent, the People's first argument, that the mere presence of a lawful amount of marijuana is sufficient to establish probable cause to search under the automobile exception, is without merit.

---

[2]     Further section references are to the Health and Safety Code unless otherwise specified.

5

Marijuana law has changed considerably in the past several decades. In 1996, the voters enacted Proposition 215, which decriminalized possession of marijuana for medicinal purposes by persons suffering from serious illnesses. (*People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1057.) Under *Strasburg*, possession of marijuana, even for medicinal purposes, does not invalidate probable cause to search. (*Id.* at p. 1060.) Rather, it is an affirmative defense for the defendant to raise at trial. (*Ibid.*) When possession of small amounts of marijuana was later decriminalized, the courts maintained that the presence of any amount of marijuana still "establishes probable cause to search pursuant to the automobile exception." (*People v. Waxler* (2014) 224 Cal.App.4th 712, 725.) Proposition 64, enacted by the voters in 2016, legalized the possession of up to 28.5 grams of marijuana by adults 21 years of age and older. (§ 11362.1, subd. (a)(1).) Even after the enactment of Proposition 64, courts held officers may still conduct a probable cause search pursuant to the automobile exception to determine whether a subject is properly adhering to the statutory limitations on possession and use that remained in effect. (*People v. Fews* (2018) 27 Cal.App.5th 553, 562.)

This area of the law is rapidly developing, such that the law has evolved considerably since the People filed its brief. In *People v. Lee* (2019) 40 Cal.App.5th 853, the court held a defendant's possession of a small amount of marijuana could not justify a probable cause search. (*Id.* at p. 856.) After initiating a traffic stop, officers discovered a small amount of marijuana on the defendant during a patsearch. (*Id.* at p. 857.) Officers then searched the vehicle and uncovered cocaine and a firearm. (*Id.* at pp. 858-859.) Finding the lawful amount of marijuana seized from defendant's person could not establish probable cause to search the vehicle, the trial court granted the defendant's motion to suppress. (*Id.* at p. 860.) Reasoning "[t]he recent legalization of marijuana in California means we can now attach fairly minimal significance to the presence of a legal amount of the drug," the appellate court affirmed the trial court's granting of the motion to suppress. (*Id.* at p. 861.) The presence of a legal amount of marijuana, however, "does not foreclose the possibility that defendant possesses a larger (illegal) amount." (*Id.* at p. 862.) Therefore, pursuant to *Lee*, there must be additional evidence, beyond

6

mere possession of a legal amount of marijuana, to support a reasonable belief the defendant has an illegal amount or is violating some other statutory provision. (*Ibid.*)

II

*Officer Muser's Observation Of An Unsealed Bag Of Marijuana*
*On The Passenger Established Probable Cause To Search The*
*Passenger's Purse Pursuant To The Automobile Exception*

While *Lee* stands for the proposition the mere presence of a legal amount of marijuana, without more, cannot establish probable cause to search, the *Lee* court was careful to distinguish its facts from those found in *Fews*, which found facts sufficient to establish probable cause. (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 866.) The *Lee* court noted the reasoning from *Fews* did not apply because the officer in *Lee* "did not smell the odor of burnt marijuana -- suggesting the possibility of driving under the influence -- and there was no evidence of marijuana in an open container in [the defendant]'s car." (*Lee*, at p. 866.) Additionally, in *Fews*, officers saw the defendant making "furtive movements," and the driver of the vehicle admitted the half-burnt cigar in his hand contained marijuana. (*People v. Fews*, *supra*, 27 Cal.App.5th at p. 557.) The *Fews* court cited section 11362.1, subdivision (c), which clearly states that only cannabis and cannabis products *deemed lawful* by that section were no longer considered contraband for search purposes. (*Fews,* at p. 563.) However, even in light of section 11362.1, driving a motor vehicle while under the influence of any drug (Veh. Code, § 23152, subd. (f)) and possession of unsealed cannabis products while operating a motor vehicle (Veh. Code, § 23222, subd. (b)(1)) remain unlawful. (*Fews*, at p. 563.) Because the driver was holding a half-burnt marijuana cigar, his conduct did not fall under the exemptions carved out by Proposition 64. (*Fews*, at p. 563.) Therefore, because the driver's possession of a half-burnt marijuana cigar supported the inference he was "illegally driving while under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana," the officers had probable cause to search the vehicle. (*Ibid.*)

7

This case is more analogous to *Fews* than it is to *Lee*. When Officers Spears and Muser approached defendant's car, Officer Muser saw an unsealed bag of marijuana in the passenger's cleavage. Defendant's argument that the unsealed marijuana visible on the passenger could not justify probable cause to search the car is unavailing. The relevant question is whether there was probable cause to search the passenger's purse pursuant to the automobile exception. We conclude there was.

Defendant argues pursuant to Vehicle Code section 23222, subdivision (b), a passenger's possession of a lawful amount of marijuana while in a car is not unlawful. In making this argument, defendant fails to acknowledge the passenger's violation of section 11362.3, subdivision (a)(4), which states that while the possession of up to 28.5 grams of marijuana is now lawful pursuant to section 11362.1, it remains unlawful to "[p]ossess an open container or open package of cannabis or cannabis products while driving, operating, or *riding in the passenger seat or compartment* of a motor vehicle." (Italics added.) As such, defendant's reliance on Vehicle Code section 23222, subdivision (b) is unavailing.

Officer Muser witnessed the passenger in possession of an unsealed container of marijuana in violation of section 11362.3, subdivision (a)(4). The presence of this contraband provided probable cause to believe the passenger possessed other open containers. (See *People v. Souza*, *supra*, 15 Cal.App.4th at p. 1653 ["an open container within plain view provides probable cause to believe that other open containers may be found in the vehicle"].) Officer Muser therefore had probable cause to search the passenger and her purse for further evidence of contraband. (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 866; see also *People v. Fews*, *supra*, 27 Cal.App.5th at p. 563.) Officer Muser's search of the purse, as a "compartment[] [or] container[] within the vehicle whose contents [were] not in plain view," was therefore justified under the automobile exception. (*United States v. Ross*, *supra*, 456 U.S. at p. 800 [72 L.Ed.2d at p. 578].) That defendant spontaneously admitted the contraband gun found within the purse was his does not affect the validity of the search of the passenger's property.

Defendant disagrees with this conclusion and points us to *In re D.W.* (2017) 13 Cal.App.5th 1249 and *People v. Torres* (2012) 205 Cal.App.4th 989. In *In re D.W.*, the court held the smell of marijuana, even when coupled with a defendant's admission to having just smoked some, was not sufficient to justify probable cause to search because it was "mere conjecture" for the officers to conclude they would find more marijuana amounting to a jailable offense. (*In re D.W.*, at p. 1253.) However, defendant's analogy of his case to *In re D.W.* is without merit, as *In re D.W.* concerned a search incident to arrest, which requires independent probable cause to arrest, and here we are concerned with the automobile exception. (*Ibid.*)

Defendant's analogy to *Torres* is similarly unavailing, as *Torres* concerned the search of a hotel room based on exigent circumstances. (*People v. Torres*, *supra*, 205 Cal.App.4th at p. 992-993.) The *Torres* court held a warrantless search of a defendant's hotel room, based solely on suspicion of simple possession of marijuana, at the time a misdemeanor, was unjustified. (*Id.* at pp. 996, 998.) A guest's room in a hotel is considered a home for the purposes of the Fourth Amendment. (*People v. Ortiz* (1995) 32 Cal.App.4th 286, 291.) Therefore, officers are required to show " 'probable cause to believe that the entry [based on exigent circumstances] is justified by . . . factors such as the imminent destruction of evidence or the need to prevent a suspect's escape.' " (*People v. Thompson* (2006) 38 Cal.4th 811, 817-818.) The automobile exception, in contrast, requires only a showing of probable cause the vehicle contains contraband or evidence of a crime. (*People v. Evans*, *supra*, 200 Cal.App.4th 735, 753.) "Where such probable cause exists, a law enforcement officer may search the vehicle 'irrespective of whether [the offense] is an infraction and not an arrestable offense.' " (*People v. Fews*, *supra*, 27 Cal.App.5th at p. 564, quoting *People v. Waxler*, *supra*, 224 Cal.App.4th at p. 721.)

Having established the open container of marijuana found on the passenger was contraband, we conclude there was probable cause to search the passenger's purse pursuant to the automobile exception. (See *People v. Souza*, *supra*, 15 Cal.App.4th at p. 1653.) Therefore, defendant's final argument -- that the search was unjustified because

9

the officers lacked probable cause to believe defendant was guilty of anything greater than an infraction -- is unavailing, as the distinction between misdemeanors and infractions is irrelevant to the probable cause analysis under the automobile exception.[3]

## DISPOSITION

The order of the trial court denying defendant's motion to suppress is affirmed.


/s/

Robie, J.



We concur:



/s/

Raye, P. J.



/s/

Renner, J.


---

[3]    In his final prayer for relief, defendant asks this court to examine Officer Muser's subjective intent in initiating the stop and searching the car, pointing to Officer Muser's own admission that his role as part of the "Community Response Team" was to "perform[] proactive traffic stops . . . try[] to deter crime, find things, anything that's illegal." Where the court finds that officers have probable cause to search, the officer's subjective intent in performing the search is irrelevant. (*Kentucky v. King* (2011) 563 U.S. 452, 464 [179 L.Ed.2d 865, 877-878]; see also *People v. Carrington* (2009) 47 Cal.4th 145, 168.) Because Officer Muser initiated the traffic stop after noticing the car had expired registration, we conclude the traffic stop was reasonable. (See *Whren v. United States* (1996) 517 U.S. 806, 810 [135 L.Ed.2d 89, 95].) As this court is bound by both California and United States Supreme Court precedent, defendant's final argument is unavailing, and we will not consider the issue of Officer Muser's subjective intent when initiating the traffic stop or conducting the search.

Filed 8/18/20

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>   v.<br><br>TYRONE BRENDON MCGEE,<br><br>        Defendant and Appellant. | C088342<br><br>(Super. Ct. No.<br>STK-CR-FER-2018-0009346)<br><br>ORDER CERTIFYING<br>OPINION FOR<br>PUBLICATION |

THE COURT:

The opinion of this court filed July 28, 2020, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in its entirety in the Official Reports and it is so ordered.

BY THE COURT:

 /s/
Raye, P. J.

 /s/
Robie, J.

 /s/
Renner, J.

1

EDITORIALS

APPEAL from an order of the Superior Court of San Joaquin County, Ronald A. Northup, Judge. Affirmed.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A Hokans, Jessica C. Leal and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.